**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KALKMAN HABECK COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-32-DES |
| | ) | |
| APA CORPORATION, AND CALLON | ) | |
| PETROLEUM OPERATING COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendants, APA Corporation and Callon Petroleum Operating Company's (herein after "Defendants") Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue. (Docket No. 13). Plaintiff, Kalkman Habeck Company (herein after "Plaintiff") filed its Response and Defendants filed their Reply making this matter fully briefed.  For the reasons set forth below, Defendants' Motion to Dismiss is DENIED, but Defendants' Motion to Transfer Venue is GRANTED.

    I.       Challenge to Venue Under 28 U.S.C. § 1391

Plaintiff brings this action for alleged nonperformance of multiple oil and gas leases. Plaintiff, an Oklahoma partnership, filed suit against two Texas residents regarding contracts over Texas wells that were performed in Houston, Texas. (Docket No. 2). Plaintiff alleges that the leases were negotiated in, entered into, and consummated in Ardmore, Oklahoma, making venue proper pursuant to 28 U.S.C § 1391(b). *Id.* Under 28 U.S.C § 1391(b)(2), a civil action may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred. When determining whether venue is proper under § 1391(b)(2), a district court must "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims," and "whether

1

substantial 'events material to those claims occurred' in the forum district." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010) (quoting *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 357 (2nd Cir. 2005)). As Defendants argue, the "gravamen of [Plaintiff's] Complaint is that Defendants breached the parties' contracts by failing to properly calculate and pay royalty payments and, as a result of the alleged underpayment, the contracts have terminated." (Docket No. 13 at 3). Plaintiff argues that since the terms of the lease payments were negotiated and executed by Plaintiff in Oklahoma, the interpretation of certain royalty calculation provision in the leases make the negotiation and execution of those leases a substantial event. (Docket No. 14 at 4). Based on this, Plaintiff argues the Eastern District of Oklahoma is an appropriate venue. *Id.*  Because the Eastern District of Oklahoma does have some connection to this case, Defendant's request for dismissal for improper venue is not warranted. Although the Court agrees the Eastern District of Oklahoma is not an improper venue to support Defendants' request for dismissal, the Court nonethless finds that transfer to the Southern District of Texas is warranted.

II.      Request to Transfer Under 28 U.S.C. § 1404(a)

28 U.S.C § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When deciding whether the case should be transferred to another venue, the court must determine whether, in the interest of convenience and fairness, the case should be moved. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Id.* at 1515. § 1404(a) is designed to "place discretion in the district court to

adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The plain language of § 1404(a) requires a movant to show: (1) another district where the action might have been brought; and (2) that district is a more convenient forum. *See* 28 U.S.C. § 1404(a).

Courts have recognized that an action "might have been brought" in a transferee court if: (1) the court has jurisdiction over the subject matter of this action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court. *See Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 31 (1960). As the Defendants argue, the Southern District of Texas satisfies each of these three prerequisites. (Docket No. 13 at 5).  Subject matter jurisdiction of this action is based on 28 U.S.C. § 1332(a) (complete diversity); therefore, jurisdiction can lie in any federal district court. Furthermore, venue is proper in the Southern District of Texas because that is where "a substantial part of the events or omissions giving rise to the claim occurred" and where both Defendants reside. *See* 28 U.S.C. § 1391(b)(1)-(2). Finally, Defendants are amenable to service of process in the Southern District of Texas because that is where both Defendants reside. (Docket No. 13 at 6).

Additionally, The Tenth Circuit has identified a list of discretionary factors that may influence a court's decision to transfer under § 1404(a):

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (internal quotation marks omitted). While Plaintiff's choice of forum is entitled to substantial deference, it is clear from the factual allegations in the Complaint that the substantial events giving rise to the claim are those that occurred in Texas. "[W]here the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight" *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993). As noted above, "gravamen of [Plaintiff's] Complaint is that Defendants breached the parties' contracts by failing to properly calculate and pay royalty payments and, as a result of the alleged underpayment, the contracts have terminated." (Docket No. 13 at 3). All of this occurred in Texas, therefore Oklahoma had but minimal involvement.

Convenience of the witnesses is the "most important" factor in considering a motion to transfer under § 1404(a). *See Emps. Mut. Cas. Co.,* 618 F.3d at 1169. Defendant argues "all key witnesses who will testify regarding calculation of royalties are in the Southern District of Texas." (Docket No. 13 at 7). Plaintiff, argues however, its key witness who will testify regarding the negotiation, drafting, and ultimate formation of the contracts that gave rise to the disputes before the court, resides in Ardmore, Oklahoma and that the original documentation relating to the original contracts is stored in Ardmore, Oklahoma. (Docket No. 14 at 7). Nonetheless, as Defendant argues, the formation of the contract is not the ultimate claim contained in Plaintiff's Complaint; rather, Defendants' performance of the contracts and the allegations of underpayment or nonpayment of royalties are the substantial events relevant to Plaintiff's allegation. Defendant notes its key witnesses "include: (1) Sherry Werth, who would testify regarding Callon's calculation of royalties; and (2) James Robert Alexander, III, who is expected to testify regarding Callon's performance of the parties' agreement, Callon's communications with Plaintiff regarding

4

leases, Callon's assumption of the leases, and Apache's lack of knowledge or involvement." (Docket No. 13 at 7). As these witnesses reside and work in the Southern District of Texas, that venue is more appropriate. *See Kunneman Props., LLC v Marathon Oil Co.*, 2018 WL 337752 at *3 (N.D. Okla., January 9, 2018) (finding that "substantial events relevant to Plaintiff's claims occurred in the Northern District" because "the underlying acts alleged in this case are the underpayment or nonpayment of royalties, misrepresentations or omissions on royalty check stubs, and the refusal to pay interest on untimely payments," all of which occurred in Tulsa).

The Court finds the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial and difficulties that may arise from congested dockets are all neutral and do not persuade this Court one way or another. The most persuasive factors for this Court are the possibility of questions arising in the area of conflict of laws and the advantage of having a local court determine questions of local law. Courts prefer that the action be adjudicated by a court sitting in the state that provides the substantive law. *See Emplrs. Mut. Cas. Co.*, 618 F.3d at 1169-70. As Defendants argue, "Texas law governs Plaintiff's claims. The leases at issue are replete with references to Texas statutes, as well as a preference for arbitration under Texas arbitration law, and Plaintiff asserts a cause of action under the Texas Natural Resources Code." (Docket No. 13 at 9). "Additionally, to the extent expert witnesses become necessary, such witnesses would be analyzing Defendants' compliance with their lease obligations as Texas law interprets them." *Id.* Finally, "the leases are full of references to Texas, governing actions related to wells in Texas, feature the application of Texas law, and ask for arbitration to take place in Texas with an arbitrator to be determined by a District Court sitting in Ward County, Texas." (Docket No. 15 at 5).

III.    Conclusion

For the foregoing reasons, the Court concludes that while venue in the Eastern District of Oklahoma is not improper under 28 U.S.C. § 1391(b) because the negotiation and execution of the leases occurred in Oklahoma, dismissal is not warranted. Nevertheless, Defendants have met their burden under 28 U.S.C. § 1404(a) to demonstrate that transfer is appropriate. The gravamen of Plaintiff's claims concerns Defendants' alleged underpayment or nonpayment of royalties and performance of the leases, all of which occurred in Texas; the majority of key witnesses and relevant evidence are located in the Southern District of Texas; and it is likely that Texas law would govern the substantive issues in dispute. Accordingly, in the interest of convenience, fairness, and justice, Defendants' Motion to Dismiss for Improper Venue is DENIED, and Defendants' Motion to Transfer Venue is GRANTED. This action shall be transferred to the United States District Court for the Southern District of Texas.

IT IS SO ORDERED this 26th  day of February, 2026.

_____
D. Edward Snow
United States Magistrate Judge